```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


EDWARD COOPER,                    :      Civil No. 09-2970 (JBS)
                                  :
            Petitioner,           :
                                  :
      v.                          :      MEMORANDUM OPINION
                                  :
WARDEN GRONDOLSKY,                :
                                  :
            Respondents.          :
_____    :
```

It appearing that:

1. On June 18, 2009, Edward Cooper, an inmate incarcerated at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 claiming that the failure to consider him for a 12-month placement in a community corrections center ("CCC") violates the Second Chance Act, as interpreted in Strong v. Schultz, 599 F. Supp. 2d 556 (D.N.J. 2009).

2. The Second Chance Act modified the pre-release custody placement statute by (1) doubling the pre-release placement period from six to 12 months, (2) requiring the BOP to make CCC placement decisions on an individual basis, and (3) requiring the BOP to ensure that, consistent with the factors in 18 U.S.C. § 3621(b), the duration of the placement period gives the inmate the greatest likelihood of successful community reintegration. See 18 U.S.C. § 3624(c).

3. Petitioner asserts the following facts: Petitioner is serving a 51-month sentence; his projected release date is May

20, 2010; Respondent has not considered his CCC placement and his final 12 months of incarceration began on May 20, 2009; Respondent "informed this Petitioner that the Respondent <u>is not</u> obligated <u>to comply</u> with the Court's <u>Strong v. Schultz</u> mandate for consideration of <u>12 months RCC</u> Halfway House Placement for this Petitioner" (Pet. ¶ 4); administrative exhaustion is unavailable because Respondent failed to consider placement prior to the commencement of Petitioner's final 12 months of incarceration; administrative exhaustion is futile because Respondent has stated his intention not to comply with <u>Strong v. Schultz</u>. (Pet.) Petitioner seeks an order directing Respondent to immediately consider him for placement in a CCC for the duration of his sentence which is set to expire on May 20, 2010. (Pet.)

    4.  The Habeas Rules require the assigned judge to review a habeas petition upon filing and to <u>sua sponte</u> dismiss the petition without ordering a responsive pleading under certain circumstances:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner . . . .

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

5. The Supreme Court explained the pleading and summary dismissal requirements of Habeas Rules 2 and 4 as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 . . . (1957). Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

Mayle v. Felix, 545 U.S. 644, 655 (2005); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

6. The BOP's Administrative Remedy Program is a three-tier process available to inmates confined in institutions operated by

3

the BOP who "seek formal review of an issue relating to any aspect of his/her confinement." 28 C.F.R. § 542.10(a).  An inmate must generally attempt to informally resolve the issue by presenting it to staff in a BP-8 form.  See 28 C.F.R. § 542.13. If the issue is not informally resolved, then the inmate may submit a request for administrative remedy (BP-9) to the Warden. See 28 C.F.R. § 542.14.  An inmate who is dissatisfied with the Warden's response may appeal to the Regional Director (BP-10), and an inmate dissatisfied with the Regional Director's decision may appeal to the General Counsel in the Central Office (BP-11). See 28 C.F.R. § 542.15(a).  Appeal to the General Counsel is the final administrative appeal.  Id.  The regulations further provide that the Warden shall respond within 20 calendar days; the Regional Director shall respond within 30 calendar days; and the General Counsel shall respond within 40 calendar days.  See 28 C.F.R. § 542.18.  And the regulation provides that if the inmate does not receive a response within the time allotted for reply, then the inmate may consider the absence of a response to be a denial at that level.  Id.

    7.  Although 28 U.S.C. § 2241 contains no exhaustion requirement, "[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241." Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); see also, e.g., Callwood v.

Enos, 230 F.3d 627, 634 (3d Cir. 2000); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit requires administrative exhaustion of a claim raised under § 2241 for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato v. Federal Bureau of Prisons, 98 F. 3d 757, 761-62 (3d Cir. 1996); see also Gambino, 134 F.3d at 171; Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

8. Petitioner maintains that he should be excused from pursuing administrative relief for the following reasons: (a) Respondent failed to determine his CCC placement date prior to the final 12 months of his sentence, which is set to expire on May 20, 2010; (b) Respondent told Petitioner that Respondent is not required to comply with Strong v. Schultz, 599 F. Supp. 2d 556 (D.N.J. 2009); and (c) Judge Bumb excused exhaustion in Strong.

9. This Court rejects Petitioner's first rationale for excusing exhaustion. Congress adopted the Second Chance Act on April 9, 2008. Petitioner knew since April 9, 2008, that if he were given a 12-month CCC placement, his placement would begin on

May 20, 2009. Petitioner has shown no reason why he could not have pursued administrative relief during the 12 months prior to May 20, 2009.

    10. Petitioner next contends that failure to pursue administrative relief should be excused because the warden verbally stated he will not comply with Judge Bumb's ruling in <u>Strong</u>. The verbal statement of the warden does not make exhaustion futile, since the warden may deny making such a statement and may respond differently to an administrative remedy request.

    11. Finally, Petitioner maintains that he should be excused from pursuing administrative relief because Judge Bumb excused exhaustion in <u>Strong</u>. However, unlike Petitioner, (a) Strong pursued all three levels of the Administrative Remedy Program regarding the failure to be considered for placement under the Second Chance Act; and (b) Strong thereafter received an institutional referral date for a six-month CCC placement, which was based on a letter from the BOP limiting placements to six months. In this case, unlike <u>Strong</u>, the face of the Petition in this case shows that Petitioner: (a) has not received a institutional referral date for CCC placement; and (b) has not sought any administrative relief in regard to the failure to issue an institutional referral date for CCC placement.

6

12.  Under these circumstances, this Court sees no reason to excuse Petitioner's failure to **at a minimum** submit a BP-8 informal request for administrative relief regarding the failure to issue an institutional referral date for CCC placement pursuant to the Second Chance Act and, if unsuccessful, a BP-9 administrative remedy request to the Warden regarding same.

13.  Because the face of the Petition shows that Petitioner failed to pursue any administrative relief regarding the failure to consider him for CCC placement under the Second Chance Act and does not show that the failure to pursue administrative relief should be excused, this Court will dismiss the Petition for failure to exhaust administrative remedies.  The dismissal is without prejudice to the filing of a new § 2241 petition after Petitioner pursues appropriate administrative relief.  See Lindsay v. Williamson, 271 Fed. Appx. 158, 160 (3d Cir. 2008) (affirming summary dismissal of § 2241 petition challenging BOP's execution of sentence "[b]ecause the District Court could determine from the face of Lindsay's petition that he did not exhaust his administrative remedies, a prerequisite to suit"); Shoup v. Schultz, 2009 WL 1544664 at *4 (D.N.J. June 2, 2009) (dismissing petition challenging failure to consider petitioner for 12-month placement under Second Chance Act where petitioner received no administrative determination: "While Petitioner invites this Court to reach an umbrella conclusion that no

7

exhaustion of administrative remedies is ever required for any litigant raising a § 2241 challenge on the grounds of the Second Chance Act, this Court declines the invitation and finds that such holding would fly in the face of the Third Circuit's teaching - as to the firmness of the exhaustion requirement"); Breazeale v. Shultz, 2009 WL 1438236 (D.N.J. May 19, 2009) (same).

    14.  An appropriate Order accompanies this Memorandum Opinion.

                               **s/ Jerome B. Simandle**
                               **JEROME B. SIMANDLE, U.S.D.J.**

Dated:    **July 8, 2009**