```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


EDWARD COOPER,                    :     Civil No. 09-2970 (JBS)
                                  :
          Petitioner,             :
                                  :
     v.                           :     MEMORANDUM OPINION
                                  :
WARDEN GRONDOLSKY,                :
                                  :
          Respondents.            :
_____:
```

IT APPEARING THAT:

1.  On June 18, 2009, Edward Cooper, an inmate incarcerated at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 claiming that the failure to consider him for a 12-month placement in a community corrections center ("CCC") violates the Second Chance Act and Strong v. Schultz, 599 F. Supp. 2d 556 (D.N.J. 2009).

2.  By Order and Opinion entered July 8, 2009, this Court dismissed the Petition without prejudice for failure to exhaust administrative remedies.  This Court considered, and rejected, Petitioner's arguments that failure to exhaust should be excused because (a) the Warden failed to timely consider his CCC placement prior to the final 12 months of his sentence, which began on May 20, 2009; (b) exhaustion would be futile because the Warden told Petitioner that the Warden is not required to comply with Strong v. Schultz, 599 F. Supp. 2d 556 (D.N.J. 2009); and (c) Judge Bumb excused exhaustion in Strong.

3. On August 27, 2009, Petitioner filed a motion to reconsider dismissal of the Petition as unexhausted.

4. A motion for reconsideration may be granted: (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F. 3d 1194, 1218 (3d Cir. 1995); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

5. In his motion for reconsideration, Petitioner argues that the order dismissing the Petition as unexhausted should be vacated because (a) no exhaustion standard is in place at FCI Fort Dix because the Warden has stated that no inmate will be granted a 12-month halfway house placement; (b) Petitioner cannot cause the Warden to comply with the Second Chance Act by exhausting administrative remedies; (c) the Warden failed to educate inmates like Petitioner who are unlearned in the law regarding exhaustion; (d) the Warden has obstructed Petitioner's access to exhaustion by failing to provide legal assistance to Petitioner in the prison law library; and (e) Judge Bumb's decision in Hoffenberg v. Warden, Civ. No. 09-3375 (RMB) establishes that exhaustion is unavailable at FCI Fort Dix.

6.  None of Petitioner's arguments are sufficient to excuse Petitioner's failure to exhaust the BOP's three-step Administrative Remedy Program.  To be sure, the Warden might deny Petitioner's administrative remedy request challenging his placement date under the Second Chance Act, if Petitioner were to submit same to the Warden.  However, the Regional Director or the Central Office could reverse the Warden's denial, as Petitioner would be able to appeal the denial by the Warden to the Regional Director and then the Central Office.  The Warden has no obligation to guide Petitioner through the process of administrative exhaustion or to provide legal assistance to Petitioner with respect to same, given that no legal expertise is required to exhaust administrative remedies.  Finally, Judge Bumb's decision in <u>Hoffenberg</u> does not support Petitioner because Judge Bumb dismissed Hoffenberg's § 2241 petition seeking relief under the Second Chance Act because Hoffenberg failed to exhaust the Administrative Remedy Program.

7.  This Court will grant Petitioner's motion to reconsider the Order dismissing the Petition as unexhausted and, after reconsideration, will again dismiss the Petition as unexhausted.

8.  An appropriate Order accompanies this Opinion.

                                <u>s/ Jerome B. Simandle</u>
                                **JEROME B. SIMANDLE, U.S.D.J.**

Dated:     **November 2** , 2009